HILL WALLACK LLP
202 Carnegie Center
CN 5226
Princeton, New Jersey 08543-5226
(609) 924-0808
Attorneys for defendant Home Depot U.S.A., Inc.
by Julie Colin, Esq. JC 6572

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHA MEHTA,<br><br>Plaintiff<br><br>vs.<br><br>THE HOME DEPOT and ABC COMPANIES, 1-3, (fictitious names for entities whose identities are unknown),<br><br>Defendant. | Civil Action No. 2:07-cv-41<br><br>**ANSWER, CROSS-CLAIM, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** |

Defendant, Home Depot U.S.A., Inc. (improperly plead as The Home Depot), by way of Answer to Plaintiff's Complaint says:

**THE PARTIES**

1. There are no allegations set forth in this paragraph against this defendant, and therefore no responsive answer is given.

2. Admitted.

3. There are no allegations set forth in this paragraph against this defendant, and therefore no responsive answer is given.

**THE FACTS**

4. Defendant does not have sufficient information to admit or deny the allegations set forth in this paragraph and plaintiff is left to her proofs.

5. Defendant does not have sufficient information to admit or deny the allegations set forth in this paragraph and plaintiff is left to her proofs.

6. Defendant does not have sufficient information to admit or deny the allegations set forth in this paragraph and plaintiff is left to her proofs.

7. Defendant does not have sufficient information to admit or deny the allegations set forth in this paragraph and plaintiff is left to her proofs.

8. Denied.

9. Denied.

## FIRST COUNT

10. Defendant, Home Depot U.S.A., Inc., repeats and realleges its Answer to the allegations contained in the First Count as if the same were more fully set forth at length herein.

11. Defendant does not have sufficient information to admit or deny the allegations set forth in this paragraph and plaintiff is left to her proofs.

12. Denied

13. Denied.

14. (a) through (f) are denied in their entirety.

15. Denied.

WHEREFORE, defendant, Home Depot U.S.A., Inc., demands that the First Count of Plaintiff's Complaint be dismissed with prejudice and without costs.

## SECOND COUNT

16. Defendant, Home Depot U.S.A., Inc., repeats and realleges its Answer to the allegations contained in the First Count as if the same were more fully set forth at length herein.

17. There are no allegations set forth in this paragraph against this defendant, and therefore no responsive answer is given.

18. Defendant does not have sufficient information to admit or deny the allegations set forth in this paragraph and plaintiff is left to her proofs.

19. Denied.

20. Denied.

WHEREFORE, defendant, Home Depot U.S.A., Inc., demands that the Second Count of Plaintiff's Complaint be dismissed with prejudice and without costs.

**THIRD COUNT**

21. Defendant, Home Depot U.S.A., Inc., repeats and realleges its Answer to the allegations contained in the First and Second Counts as if the same were more fully set forth at length herein.

22. Denied.

WHEREFORE, defendant, Home Depot U.S.A., Inc., demands that the Third Count of Plaintiff's Complaint be dismissed with prejudice and without costs.

**FIRST SEPARATE DEFENSE**

Defendant denies violating any duty owed to the plaintiff.

**SECOND SEPARATE DEFENSE**

Defendant denies being guilty of any negligence whatsoever.

**THIRD SEPARATE DEFENSE**

Injuries and damages complained of were the proximate result or the sole or contributory negligence of the plaintiff.

**FOURTH SEPARATE DEFENSE**

Injuries and damages complained of were the proximate result of the negligence of third persons over whom this defendant had no control.

**FIFTH SEPARATE DEFENSE**

Plaintiff's damages are to be reduced by the percentage of his negligence.

**SIXTH SEPARATE DEFENSE**

The accident, injuries and damages alleged were the result of an unavoidable accident and/or as a result of an Act of God.

**SEVENTH SEPARATE DEFENSE**

The Court has no Jurisdiction over this defendant and this defendant reserves the right to move to dismiss upon such grounds.

**EIGHTH SEPARATE DEFENSE**

The plaintiffs have failed to properly serve this defendant and, therefore, this defendant reserves the right to move to dismiss upon such grounds.

**NINTH SEPARATE DEFENSE**

Plaintiffs' claim is barred by the applicable Statute of Limitations and this defendant reserves the right to move to dismiss based upon such grounds.

**TENTH SEPARATE DEFENSE**

Defendant did not violate any duty owed to Plaintiff under common law, statute, regulations or standards.

**ELEVENTH SEPARATE DEFENSE**

The plaintiff's allegations against this answering defendant are brought without a good faith basis and this answering defendant reserves the right to move for costs and attorneys fees pursuant to N.J.S.A. 2A:15-59.1.

**TWELFTH SEPARATE DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**RESERVATION OF DEFENSES AND OBJECTIONS**

Defendant, Home Depot U.S.A., Inc., reserves the right to interpose such other defenses and objections as a continuing investigation may disclose.

**DEMAND FOR TRIAL BY JURY**

Defendant, Home Depot U.S.A., Inc., hereby demands a trial by jury of six (6) persons on all issues in the within matter.

**DESIGNATION OF TRIAL COUNSEL**

Julie Colin, Esq. is hereby designated as trial counsel for defendant, Home Depot U.S.A., Inc.

**CERTIFICATION**

Defendant hereby certifies that the matter in controversy is not the subject of any other action pending in any Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is contemplated. To the best of Defendant's knowledge, there are no other parties who should be joined in this action.

HILL WALLACK, LLP
Attorneys for Defendant Home Depot
U.S.A., Inc.

By: ______________________
Julie Colin, Esq.

Dated: January 9, 2007